Van Wart agt. Mayor.

# SUPREME COURT.

## JAMES VAN WART agt. THE MAYOR, &c., OF NEW YORK.

*Municipal corporations — their liability for benefits received and accepted under an executed contract — interest.*

The plaintiff was employed by the street commissioner of New York to perform certain services at a stipulated salary. He continued to perform such services from 1866 to 1872, when he was discharged. He was paid for his services, except the last three months of 1869; for these three months' salary this suit is brought. It is claimed that the finance department, by chapter 227 of Laws of 1863, had the sole power of appointing the plaintiff.

*Held*, that it must be assumed from the fact that the plaintiff's employment was continued for so long a period, and that he was paid from month to month till October, 1869, that the finance department acquiesced in his appointment and treated it as valid, if not regularly made, and must be deemed equivalent to an actual employment by that department.

An appropriation having been made at the beginning of the fiscal year in which this claim arose, out of which it could have been paid, the fact that this appropriation was exhausted is no defense to plaintiff's claim under a contract entered into with him at a time prior to its exhaustion.

No right of action exists against the city of New York until the lapse of thirty days after the presentation of the demand to the comptroller, as required by the statute. Interest, therefore, can only be allowed on a demand against the city from the lapse of thirty days after its presentation to the comptroller.

*General Term, First Department, May*, 1876.

*Before* DAVIS, *P. J.*, BRADY *and* DANIELS, *JJ.*

APPEAL from judgment on verdict directed by the court.

*Elliot Sandford*, for respondent.

The plaintiff was employed in 1866 as a lamp-lighter to light the gas lamps at Jefferson market, in the city of New York, and was to be paid monthly the sum of twenty-five dollars. He continued to be so employed till he was discharged by commissioner Van Nort in 1872. He has been paid for his services, except for the last three months of the year 1869, and has brought this action to recover the sum of seventy-five dollars. The proof shows that he was appointed by street commissioner Cornell.

By the charter of 1857 (*chapter* 446, *section* 23), the street department had cognizance of the lighting of streets, roads and places, and the care of public buildings, and there was created a bureau in that department denominated the bureau of lamps and gas.

By the revised ordinances, passed in 1866, it was enacted by the common council, as follows :

" Chapter 4, article 1. The street department shall have cognizance of * * * lighting streets, roads, places and avenues, * * * wharves and piers, * * * and care of the buildings, offices and rooms, and public yards of the corporation, the supplying * * * the public markets with fuel, printing, &c., and all other things necessary therefor, the doing and furnishing of all other necessary work, repairs and supplies not provided for in other departments.

" There shall be eight bureaus in the street department, viz. : * * *

" A bureau for lighting the public streets, roads, places, avenues, wharves, piers and markets, and for doing all work and procuring all supplies and fixtures necessary for that purpose, to be called the bureau of lamps and gas.

" Article 2, section 5. All contracts for work, material or supplies relating to any of the matter under the cognizance of the street department shall be made by the street commissioner."

Under this statute and the revised ordinance, plaintiff was

employed by the street commissioner, and continued to perform his work till 1872.

Verdict was directed for plaintiff, and defendants have appealed from the judgment.

*First.* At the trial, the plaintiff offered in evidence, as proof of a prior appropriation covering the expense of employing plaintiff, a resolution of the common council appropriating over $1,000,000 for purchasing and maintaining the public lamps in the streets and markets, passed by both boards May 17, 1869. It was objected to as invalid, having been adopted by both boards the same day. Section 37 of the charter, however, permitted this, if by unanimous consent. Having the power under certain conditions, it will be presumed that these conditions existed, rather than that these public officers violated the law. (In fact, the ordinance was passed by unanimous consent) (*Conway* agt. *The Mayor*, 4 *Hun*, 43, 47; *Arent* agt. *Squire*, 2 *Daly*, 347).

But if the resolution was invalid, an appropriation had been previously made by the legislature of the same amount for the same purpose, and the action of the common council was not necessary. This appropriation was made in the tax levy act, chapter 876, passed May 12, 1869, and the attention of the court was directed at the trial to this provision.

*Second.* Defendants moved to. dismiss the complaint, on the ground that the street commissioner had no power to employ plaintiff, because control over markets had been conferred on the finance department. By section 27 of the charter of 1857, there was created an inspector's department, charged with cognizance of all matters affecting public health, and in this department a bureau was established for the inspection, regulation and management of the public markets, the chief officer of which shall be denominated "superintendent of markets." It would appear from the context that his duties pertained to the general subject of public health intrusted to the department in which his bureau was placed. In 1863, this bureau was transferred to the finance

department, by a clause in section 1 of chapter 227, Laws of 1863, which is as follows:

" The bureau for the inspection, regulation and management of the public markets of the city of New York, shall hereafter be in the finance department of said city, and all laws and ordinances now in force relative to the bureau of markets, or other officers thereof, shall apply to the said bureau as herein provided."

This was all the power the finance department had over markets when the plaintiff was employed, and during the time for which he claims compensation. It is not pretended that the city inspector's department had the power to employ lamp-lighters. It had cognizance of health matters only. It is immaterial whether one department having control of public buildings and lamps and gas, or another having power over city markets, employed plaintiff; for, employed by either department, he was an employe of the defendants — the city — and, as such, was paid for several years before and after the year 1869. It is well settled that a municipal body is as subject as private persons to liabilities for benefits received and accepted under an executed contract, although voidable or even void (*Harlem Gas-light Co.*, 3 *Robt.*, 100, 124, *and cases cited*).

But the care of public buildings, and the power over lamps and gas, and the lighting thereof, always remained, and still is, in the street department (*Harlem Gas-light Co.* agt. *The Mayor*, 33 *N. Y.*, 309, 313; 3 *Robt.*, 100).

*Third.* The answer set up as a defense that the necessity for the services alleged in the complaint was not certified by any department, but this defense was abandoned on the trial, and no objection was taken that plaintiff had failed to prove the existence of such a certificate. It was incumbent on the defendant, who set up the defense, to prove it (2 *Denio*, 609, 616; 2 *Hilton*, 297; *Dykers* agt. *Townsend*, 24 *N. Y.*, 57, 63).

In fact, such certificates were given each month, and

plaintiff was ready on the trial to prove it if called upon (*Leveridge* agt. *The Mayor, not reported*).

It was also alleged in the answer that no appropriation covering the expense of the alleged service was ever made, and then it was averred that on October 1, 1869, expenditures had been made and liabilities incurred equal to the whole sum of the appropriation, and that on the eighteenth day of October the appropriation was wholly expended. The proof showed affirmatively that there was an appropriation at the beginning of the fiscal year of over $1,000,000.

*Fourth.* The fact that this appropriation was exhausted was no defense to plaintiff's claim under a contract entered into with him at a time prior to its exhaustion, and the offer to prove the exhaustion was properly denied (*Lewis* agt. *The Mayor,* 6 *Hun,* 241; *Detwiler* agt. *The Mayor,* 1 *T. & C.,* 657; *Kingsland* agt. *The Mayor,* 5 *Daly,* 448; *Vanderpoel* agt. *The Mayor, not reported*).

The answer did not allege that when the contract was made there was no appropriation in the city treasury for such an expense (*Gas-light Co.* agt. *The Mayor,* 49 *How,* 227).

In this case, it appears that plaintiff was retained in his employment under a continuous contract, and that in May, 1869, there was a large appropriation.

The plaintiff having made a contract with defendants, which was valid and regular when made, it was incumbent on defendants to have provided money to pay when the services were rendered, and the legislature should have made an appropriation sufficient to meet the expense.

It nowhere in the case appears that the appropriation was squandered or diverted. There was not enough to satisfy the contract of this plaintiff.

"It is equally clear, says Mr. justice SWAYNE, that when a state has authorized a municipal corporation to contract and to exercise the power of local taxation to meet its engagements, the power thus given cannot be withdrawn until the contract is satisfied. The state and the corporation are

equally bound, and neither the state nor the corporation can any more impair the obligation of a contract in this way than in any other " ( *Van Hoffman* agt. *The City of Quincey*, 4 *Wallace*, 535, 555; *Cooley Constitutional Limitations*, 285).

In the case of *Quin* agt. *The Mayor* (44 *Howard*, 266), it was held that the city was liable for plaintiff's salary, although the board of apportionment had failed to provide for its payment.

*Fifth*. Interest was computed on the seventy-five dollars from the 1st of January, 1870, and this was correct, for it is well settled that the rule, in respect to interest on debts against municipal corporations, does not differ from that which applies to individuals (*Dillon on Munic. Corp.*, vol. 1 [2d ed.], sec. 414).

The rule in regard to interest, in respect to accounts against towns, does not differ from that governing accounts against individuals (*Langdon* agt. *Castleton*, 30 *Vt.*, 154).

The interest is recoverable on a contract for the payment of money from the time when the principal ought to have been paid ( *Van Rensselaer* agt. *Jewett*, 2 *N. Y.*, 135; *Dana* agt. *Fiedler*, 12 *N. Y.*, 40, 51; *Adams* agt. *The Fort Plain Bank*, 36 *N. Y.*, 255).

Chief justice SAVAGE says, in the case of *The People* agt. *The County of New York* (5 *Cowen*, 331), it being an action against the county to compel the defendants to pay the interest on arrears of taxes due to the state: " It will not surely be considered inequitable that whenever the debtor knows what he is to pay, and when to pay, he shall be charged with interest if he neglect to pay."

*Sixth*. The judgment below should be affirmed.

*Chas. P. Miller*, for appellant.

I. The street commissioner had no authority to appoint the plaintiff to light the lamps at Jefferson market.

1. By chapter 227 of the Laws of 1863, which was in force

in 1869 (*sec.* 1), it is provided: " That the bureau for the inspection, regulation and management of the public markets of the city of New York shall be hereafter in the finance department of said city ; and all laws and ordinances now in force relative to the bureau of markets, or superintendent or other officers thereof, shall apply to said bureau as herein provided."

2. Unless there was authority vested in the chief of the bureau of markets to employ men to light the lamps in the markets, there could be no authority in any department or bureau to employ persons for that purpose.

The revised ordinances of 1866 (*chapter* 17, *page* 248) provide, specifically, that no person, unless authorized by the gas-light companies furnishing gas to the public lamps shall, at any time, light, or cause to be lighted, any public lamp which said companies are required to light under their several contracts with the mayor, &c.

In other words all the lamps in the public streets, avenues, roads and places were to be lighted by persons employed by the different gas-light companies; and if this ordinance did not apply to the lamps in the public markets, and if there were lamps in the public markets and the city was obliged to light them at its own expense, the proper officer to provide persons to light those lamps would be, necessarily, not the head of the street department who had no authority whatever over the markets but an officer of the bureau of markets.

II. The offer made by defendants' counsel to show that on the 18th of October, 1869, the appropriation made for lamps and gas was entirely exhausted was improperly excluded.

(*a.*) Chapter 876, of the Laws of 1869, the tax levy act referred to by plaintiff's counsel provides, section 11, page 2132, that: " Neither the corporation, the mayor, &c., of the city of New York, nor any board, department, officer or agent thereof, or head of department, shall incur any liability or make any contract or contracts, or permit or vote for, or authorize, audit or allow, directly or indirectly, any expendi-

ture for any of the objects and purposes specified, the aggregate of which expenditure and of the liabilities of such contracts shall exceed the sum appropriated for said purpose, or for any other purpose or object than that herein specified" (*See, also, sec. 31 of chap. 446 of the Laws of 1857, the charter; Donovan agt. The Mayor, 33 N. Y., 192; Kingsland agt. The Mayor, 5 Daly, 448*).

III. The complaint should have been dismissed.

IV. The plaintiff, in any event, was only entitled to a judgment for the amount which would be due to him for the first eighteen days of October, at the rate of twenty-five dollars a month, with interest from the time that the demand was made upon the comptroller, as required by statute, for the settlement and adjustment of the claim upon which this action is founded, and the judgment should, in any event, be reduced to that amount (*Hook agt. The Mayor, &c., supreme court unreported manuscript opinion*).

Davis, *P. J.*— It appeared on the trial that the plaintiff was employed, in 1866, as a lamplighter to light the gas lamps at Jefferson market, and was to be paid monthly the sum of twenty-five dollars.

He continued to be so employed till he was discharged by the street commissioner in 1872. He was paid for his services, except for the last three months of the year 1869. If, as is claimed by the appellants, the power to appoint lighters of gas lamps for the market was vested in the finance department by chapter 227 of the Laws of 1863, yet it must be assumed, from the meagre facts appearing in this case, and from the fact that the plaintiff's employment was continued from 1866 to 1872, and that he was paid from month to month till October, 1869, that the finance department acquiesced in his appointment, and treated it as valid if not regularly made.

The acquiescence of the finance department and its action, in making payment for the services at a stipulated compen-

sation for so long a period, should be deemed equivalent to an actual employment by that department.

There was no offer to show that no appropriation had been made at the time the plaintiff was employed out of which he would be entitled to compensation.

An appropriation was, in fact, made in the year 1869, and out of which his compensation could have been paid, and the presumption must be, if that appropriation was exhausted on the 18th day of October, as offered to be shown, that the exhaustion was caused by subsequently accruing expenditure.

The offer was not broad enough to bring the case within the prohibiting section 11 of chapter 876 of the Laws of 1869, or of section 31 of chapter 446 of the Laws of 1857. We think the court did not, therefore, err in excluding the offer.

It was claimed, by defendant's counsel on the trial, that the plaintiff was not entitled to recover interest upon the amount due until a demand had first been made on the comptroller, as required by statute. In this case, it was averred in plaintiff's complaint that the claim had been presented to the comptroller of the city of New York, and that more than thirty days elapsed since such presentation to pay the same. We have held that no right of action exists against the city until the lapse of thirty days after the presentation of the demand to the comptroller as required by the statute, and that interest does not accrue until the obligation to pay arises (*Hook* agt. *Mayor, not reported*). The plaintiff should not, therefore, be allowed interest for the whole period since January, 1870, but only from the lapse of thirty days from the presentation of his demand to the comptroller. That point of time does not appear, except from the pleadings, and from the allegations in the pleadings, it can only be inferred that the suit was brought upon the expiration of such thirty days.

The summons was dated September 2, 1874, and on that

Van Wart agt. Mayor.

day the complaint appears to have been verified, and in the absence of any thing more definite to fix the time, interest should have been paid from that date. But the judge below, in passing upon the question, said that he would reduce the amount of interest if the defendant's counsel would present any authority on that question.

Under such circumstances we think it proper to direct such deduction to be made, and to affirm the judgment as so reduced, with costs of the appeal.

The plaintiff was entitled to judgment for seventy-five dollars, with interest from the 2d day of September, 1874, which amounts to six dollars and thirty-five cents.

Judgment modified so as to reduce it to that amount, and affirmed as modified, with costs of appeal.